IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elaine M. Hartshorn Kennett and Ricky A. Kennett, <br><br> Plaintiffs, <br><br> vs. <br><br> Lois J. Norton, Elizabeth M. Thompson, Kelly J. Parker, Horry County Police Department, City of North Myrtle Beach, North Myrtle Beach Police Department, Horry County Sheriff's Office and Synchrony Bank, <br><br> Defendants. | Case No.: 4:24-cv-04625-JD-TER <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 31), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, following Defendants Horry County Police Department (HCPD) and Horry County Sheriff's Office's (HCSO) Motion to Dismiss (DE 4) and Defendant City of North Myrtle Beach's (City of NMB) Motion to Dismiss.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

### A. Background

The Report accurately sets forth the relevant factual and legal background, which the Court adopts herein without full recitation. Nevertheless, the following summary is provided for context.

This action arises from a familial dispute involving Plaintiff Elaine Kennett, her mother Defendant Lois Norton, and her sisters, Defendants Elizabeth Thompson and Kelly Parker, concerning the use of Norton's Rakuten credit card issued by Defendant Synchrony Bank. (DE 1-1 ¶¶ 47-54.) Plaintiffs Elaine and her husband, Ricky Kennett, allege that after Elaine and Ricky married in January 2022, tensions escalated with Norton, leading Norton to move out and, along with Thompson and Parker, devise a plan to extort money from Plaintiffs upon learning of Ricky's financial means. (*Id.*)

Part of the alleged scheme involved demands that Plaintiffs pay Norton's credit card bills, while Norton and her daughters falsely reported charges as unauthorized to credit card companies. (*Id.* ¶¶ 57-58.) When Plaintiffs refused, Norton and Thompson threatened to pursue criminal charges and reported Elaine's card use to law enforcement (*Id.* ¶ 60.) Plaintiffs assert Norton had knowingly added Elaine as an authorized user and that Elaine had ceased all use of the card after removing herself on March 18, 2022. (*Id.* ¶ 61.)

Despite initial assurance from a Horry County officer that Elaine had done nothing wrong (DE 11-1 ¶ 68), Officers Fitzwater and Beaudoin of the North Myrtle Beach Police Department later obtained a warrant alleging she had made

2

unauthorized purchases on May 4, 2022 (*id.* ¶ 77). Plaintiffs allege the officers failed to verify key facts or review exculpatory documentation before arresting Elaine on July 11, 2022. (*Id.* ¶ 84, 86.) Elaine was detained overnight in unsanitary and uncomfortable conditions and was released following a bond hearing the next day. (*Id.* ¶ 91-92.) The charges were subsequently nolle prossed. (*Id.* ¶ 121.)

### B. Report and Recommendation

On June 13, 2025, the Magistrate Judge issued the Report, recommending that Defendants' Motions to Dismiss (DE 4 and 7) be granted with respect to all Plaintiffs' federal causes of action (Counts I, II, IV, and V), that Plaintiffs' federal claims be dismissed in their entirety. (DE 31.) The Report also notes that Plaintiffs assert state law causes of action for negligence, gross negligence, and recklessness, malicious prosecution, abuse of process, defamation, and loss of consortium, and that Defendants Norton, Parker, and Thompson assert state law counterclaims against Plaintiffs for fraud, violation of the South Carolina Frivolous Proceedings Sanctions Act, unjust enrichment, and negligent misrepresentation. However, the Report found that there are no federal policy issues underlying the remaining state-law claims and that comity favors remand. (*Id.*) There are no objections to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 32) and incorporates it here by reference.

It is, therefore, ORDERED that Defendants Motions to Dismiss (DE 4 and 7) be GRANTED with respect to all Plaintiffs' federal causes of action (Counts I, II, IV, and V), that Plaintiffs' federal claims be DISMISSED in their entirety, and that this case be REMANDED to the Court of Common Pleas for Horry County.

**IT IS SO ORDERED**.

Florence, South Carolina  
July 11, 2025

Joseph Dawson, III  
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.